IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH SHAUN TRAYWICK, # 177252, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA, *et al.*, )<br>)<br>Respondents. ) | Civil Action No.<br>2:14cv990-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Kenneth Shaun Traywick ("Traywick") on September 18, 2014. Doc. No. 1.[1] Traywick challenges his 2009 convictions for first-degree robbery and first-degree sodomy and the consecutive 25-year sentences imposed by the Autauga County Circuit Court. The respondents contend that Traywick's petition is time-barred by the one-year federal limitation period for § 2254 petitions. *See* Doc. No. 8. After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Traywick's petition should be denied as untimely.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF. Traywick avers in his petition that he signed it on September 18, 2014. Doc. No. 1 at 15. His petition was received and filed in this court on September 26, 2014. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### *1. State Court Proceedings*

On May 20, 2009, an Autauga County jury found Traywick guilty of first-degree

2

robbery, in violation of § 13A-8-41(a)(1), Ala. Code 1975, and first-degree sodomy, in violation of § 13A-6-63(a)(1), Ala. Code 1975. On July 22, 2009, the trial court sentenced Traywick as an habitual offender to 25 years in prison for each conviction, the terms to run consecutively. *See, e.g.*, Doc. No. 8-2 at 4.

Traywick appealed, and on February 19, 2010, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by memorandum opinion. *See* Doc. No. 8-1 at 2-8. He applied for rehearing, which was overruled on March 12, 2010. *See Traywick v. State*, 75 So.3d 1230 (Table). He then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on September 10, 2010. Doc. No. 8-3. A certificate of judgment issued on that same date. *Id*.

On July 17, 2011, Traywick filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 8-4; *see id.* at 9. The trial court summarily denied the Rule 32 petition on March 8, 2012. Doc. No. 8-5. Traywick failed to perfect an appeal from the denial of the Rule 32 petition.[2] *See* Doc. Nos. 8-6 and 8-8.

On June 18, 2013, Traywick filed a second Rule 32 petition in the trial court, this one

---

[2] Traywick filed a notice of appeal from the denial of the Rule 32 petition in the Alabama Court of Criminal Appeals on March 26, 2012. On April 2, 2012, however, that court returned the notice of appeal to him and advised him that an appellant who wishes to appeal must do so by filing a written notice of appeal with the clerk of the trial court within 42 days (under Ala.R.App.P. 4), and that the clerk of the trial court would then transmit the notice of appeal to the Alabama Court of Criminal Appeals. Doc. No. 8-6. There is no record that Traywick ever perfected an appeal from the denial of the Rule 32 petition by properly filing a notice of appeal with the clerk of the trial court.

Case 2:14-cv-00990-MHT-CSC   Document 12   Filed 07/07/16   Page 4 of 10

claiming that his failure to perfect an appeal from the denial of his first Rule 32 petition was through no fault of his own and that he should be granted an out-of-time appeal from the denial of the first petition. *See* Doc. No. 8-7. On October 14, 2013, the trial court summarily denied the petition. *Id*. at 61. Traywick appealed that decision, and on April 25, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of the second Rule 32 petition, finding the petition was time-barred under Ala.R.Crim.P. 32.2(c). Doc. No. 8-8 at 6-7. Traywick applied for rehearing, which was overruled on May 23, 2014. *See Traywick v. State*, 184 So.3d 468 (Table). He then filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on July 18, 2014. Doc. Nos. 8-12 and 8-13. A certificate of judgment issued on that same date. Doc. No. 8-13.

### 2.  *Analysis of Timeliness under AEDPA*

Because, on direct review, Traywick applied for rehearing in the Alabama Court of Criminal Appeals after that court affirmed his conviction and sentence, and he thereafter filed a timely petition for writ of certiorari with the Alabama Supreme Court, he was allowed 90 days after the state court's September 10, 2010, issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003); U.S. SUP.CT. R. 13.1 (a defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the United States Supreme Court). Traywick filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of the AEDPA, his judgment of conviction became

4

final – and the direct-review stage concluded – on December 9, 2010 (i.e., 90 days after September 10, 2010). *See* 28 U.S.C. § 2244(a)(1)(A); U.S. Sup.Ct. R. 13.1; *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004) (if state prisoner does not petition the United States Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires). Thus, Traywick had until December 9, 2011 – absent any tolling of the limitation period – to file a timely petition for habeas corpus relief under 28 U.S.C. § 2254.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). For Traywick, the federal limitation period initially ran for 220 days, from December 9, 2010 (when his conviction became final), to July 17, 2011, on which date he filed his first Rule 32 petition, tolling the limitation period by operation of § 2244(d)(2). *See Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). Traywick's Rule 32 petition was denied by the trial court on March 8, 2012, and Traywick failed to perfect an appeal from that denial. Consequently, the federal limitation period began to run again 42 days later – i.e., on April 19, 2012 – the time within which, under Alabama law, Traywick had to timely appeal from the denial of the Rule 32 petition. *See* Ala.R.App.P. 4(b)(1); *Maze v. Giles*, 2013 WL 4045360, at *3-4 (N.D. Ala. Aug. 9, 2013) (where Rule 32 petitioner filed untimely appeal from trial court's denial of Rule 32 petition, his petition was

no longer "pending" for purposes of § 2244(d)(2) tolling once the 42-day period to appeal the trial court's judgment expired), citing *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition.").

When the federal limitation period began to run again on April 19, 2012, Traywick had 145 days (365 days minus 220 days) left on the federal clock to file a timely § 2254 petition, absent any further tolling. The limitation period ran unabated for those 145 days, expiring on September 11, 2012. Although Traywick filed a second Rule 32 petition on June 18, 2013, that filing, in which he sought an out-of-time appeal from the denial of his first Rule 32 petition, occurred well after the September 11, 2012, expiration of the federal limitation period; consequently, it had no tolling effect under § 2244(d)(2).[3] "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitation

---

[3] Further, because the state appellate court found Traywick's second Rule 32 petition was untimely filed under Alabama law, that petition was not a "properly filed" petition with any tolling effect. *Sykosky v. Crosby*, 187 Fed. App'x 953, 958 (11th Cir. 2006); *see Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [tolling the limitation period under] § 2244(d)(2).").

period pursuant to § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Traywick such that the federal limitation period commenced on some date later than December 9, 2010 (when his judgment of conviction became final) or expired later than September 11, 2012 (a date that accounts for tolling under § 2244(d)(2)). There is no evidence that any unconstitutional or illegal State action impeded Traywick from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Traywick presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Traywick submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

As noted above, Traywick filed his § 2254 petition with this court on September 18, 2014 – over two years after the federal limitation period expired.

### B.  Equitable Tolling

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267

7

(11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Traywick seems to argue he is entitled to equitable tolling – and that the filing of his § 2254 petition beyond the federal limitation period should be excused – because the Alabama Court of Criminal Appeals erred in ruling in April 2012 that he failed to perfect his appeal from the denial of his first Rule 32 petition. *See* Doc. No. 11. However, he demonstrates no error in the state appellate court's ruling that he failed to perfect his appeal from the denial of his first Rule 32 petition. There is no record that Traywick ever perfected an appeal from the denial of the first Rule 32 petition by properly filing a notice of appeal with the clerk of the trial court.

Moreover, the record reflects Traywick was aware by March 26, 2012, that his first Rule 32 petition had been denied. *See* Doc. No. 8-8 at 6. Yet, he sought no out-of-time appeal from the denial of that petition until June 18, 2013 – when he filed his second Rule 32 petition arguing he was entitled to an out-of-time appeal. His filing of his second Rule 32 petition came well after expiration of the six-month period for doing so. *See* Ala.R.Crim.P. 32.2(c) (providing, in part, that "the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial"). Thus, he failed to act with reasonable diligence to initiate or pursue state post-conviction proceedings that might have tolled the federal limitation

8

period.

Finally, any connection between the Alabama Court of Criminal Appeals' ruling in April 2012 that Traywick failed to perfect his appeal from the denial of his first Rule 32 petition – which ruling, apparently, is the "extraordinary circumstance" posited by Traywick – and Traywick's subsequent delay in filing his § 2254 petition until September 18, 2014, is far too attenuated to justify equitable tolling. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin*, 633 F.3d at 1267; *see Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003). Traywick demonstrates no causal connection between the Alabama Court of Criminal Appeals' April 2012 ruling that he failed to perfect his appeal from the denial of his first Rule 32 petition and the untimely filing of his § 2254 petition.

For the reasons indicated, Traywick does not establish his entitlement to equitable tolling. Because he failed to file his § 2254 petition within the AEDPA's limitation period, his petition is time-barred.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The parties are DIRECTED to file any objections to this Recommendation on or before **July 21, 2016.** Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 7th day of July, 2016.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE